UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL CUEVA,<br><br>    Defendant. | No.  2:23-cv-00567-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a California prisoner proceeding pro se with a civil action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has requested leave to proceed in forma pauperis.  Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    A review of court records from this court reveals that, while incarcerated, and before this action was filed, plaintiff has brought three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  See Chinsami v. Silbaugh, No. 2:12-cv-2202-DAD (E.D. Cal. July 22, 2013) (dismissing action as frivolous and

1  for failing to state a claim upon which relief could be granted); Chinsami v. Harrison, No. 2:13-
2  cv-1124-CKD (E.D. Cal. September 17, 2013) (dismissing action after plaintiff failed to submit
3  an amended complaint within allotted time following dismissal of complaint for failure to state a
4  claim); Chinsami v. Singh, No. 2:14-cv-461-EFB (E.D. Cal. May 21, 2014) (dismissing action as
5  frivolous); Chinsami v. Fox, No. 2:16-cv-2461-EFB (E.D. Cal. May 1, 2017) (dismissing action
6  as frivolous); Chinsami v. Fox, No. 2:16-cv-2153-KJM-AC (E.D. Cal. July 8, 2019) (dismissing
7  action as frivolous).

8      There is no allegation by plaintiff that he is under imminent danger of serious physical
9  injury.  In his complaint, plaintiff once again alleges that a computer monitoring device was
10 implanted in his right eye that is monitoring his brain day and night.  These allegations have
11 previously been described by the court as "fantastical" and "delusional" and as such they do not
12 meet the standard of demonstrating a plausible allegation of imminent danger.  See Andrews v.
13 Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  The only other allegation in plaintiff's
14 complaint concerns the confiscation of property from his cell.  Therefore, the undersigned finds
15 that he does not meet the imminent danger exception to be allowed to proceed in forma pauperis
16 in this action.

17     Based on this analysis, it is recommended that plaintiff's request for leave to proceed in
18 forma pauperis be denied and that he be granted fourteen days within which to pay the filing fee
19 for this action.

20     Accordingly, IT IS HEREBY ORDERED that the Clerk randomly assign a United States
21 District Judge to this case.

22     IT IS FURTHER RECOMMENDED that:

23     1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

24     2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any
25 order adopting these findings and recommendations.  Plaintiff is advised that his failure to pay the
26 filing fee within the time permitted will result in the dismissal of this action.

27     These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/chin0567.struckout