UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL CUEVA,<br><br>    Defendant. | No. 2:23-cv-00567-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

In accordance with the court's order of October 11, 2023, plaintiff has paid the filing fee for this action. As a result, the court will proceed to screen plaintiff's complaint.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Allegations in the Complaint**

Plaintiff indicates that his constitutional rights were violated while he was an inmate at the California Medical Facility ("CMF").  The specific allegations vacillate between the wholly unbelievable claim that a computer chip was implanted in plaintiff's eye to a routine complaint that his boom box was taken from his cell and destroyed by a prison employee.  The only named defendant in this action is the warden of CMF, Daniel Cueva.  By way of relief, plaintiff requests that the warden fix or replace his boom box and be ordered to pay punitive damages.

**III.    Legal Standards**

    **A.     Linkage**

The civil rights statute pursuant to which plaintiff sues requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to

the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

/////

### IV. Analysis

After conducting the required screening, the undersigned finds that the allegations in the complaint are frivolous and fail to state a claim. First and foremost, the allegations concerning the implantation of a computer chip in plaintiff's eye are simply not grounded in reality. Moreover, these allegations are repetitive of prior lawsuits.[1] They are no more worthy of belief in the present lawsuit than they were when originally filed in 2012. Regarding the confiscation and destruction of the boom box, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. The court concludes that this claim must, therefore, be dismissed as frivolous as well. See 28 U.S.C. § 1915(e)(2).

For the reasons stated above, the complaint should be dismissed. The undersigned has also considered whether plaintiff should be granted leave to amend the complaint to attempt to state a claim. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

---

[1] See Chinsami v. Lozano, et al., No. 2:21-cv-01056-TLN-DB (E.D. Cal.) (finding claims involving the implantation of a computer chip in plaintiff's eye to be duplicative of prior actions); Chinsami v. Fox, No. 2:16-cv-2153-KJM-AC-P (E.D. Cal.) (involving an allegation that "CDCR intentionally placed a computer programmer eye lens" in plaintiff's right eye in order to control him found frivolous); Chinsami v. Fox, No. 2:16-cv-2461-EFB (E.D. Cal.) (containing allegations that "CDCR plaint[ed] a sophisticated computer programmer eye lens in plaintiff['s] right eye illegally . . . so defendant can control another human brain by computer"); Chinsami v. Singh, No. 2:14-cv-0461-EFB (E.D. Cal.) (containing claims that CDCR "planted a computer programmer eye lens in [his eye]" and that prison officials were controlling his mind by computer); Chinsami v. Silbaugh, No. 2:12-cv-2202-DAD (E.D. Cal.) (describing an implant in plaintiff's eye for research and surveillance purposes).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed as frivolous and that leave to amend be denied.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/chin0567.F&R